CENTER FOR DISABILITY ACCESS
Raymond Ballister Jr., Esq., SBN 111282
Russell Handy, Esq., SBN 195058
Amanda Seabock, Esq., SBN 289900
Zachary Best, Esq., SBN 166035
Mail: 8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
amandas@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Samuel Love,** | **Case No**. |
| Plaintiff, | |
| **v.** | **Complaint For Damages And Injunctive Relief For Violations Of:** Americans With Disabilities Act; Unruh Civil Rights Act |
| **Kishor T. Patel,** Trustee of the Patel Family Living Trust dated November 18, 1996; **Ila K. Patel**, Trustee of the Patel Family Living Trust dated November 18, 1996; **Kamal California Investment Corporation,** a California Corporation; | |
| Defendants, | |

Plaintiff Samuel Love complains of Kishor T. Patel, Trustee of the Patel Family Living Trust dated November 18, 1996; Ila K. Patel, Trustee of the Patel Family Living Trust dated November 18, 1996; Kamal California Investment Corporation, a California Corporation ("Defendants"), and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. He is

1

Complaint

1   substantially limited in his ability to walk. He is a paraplegic. He uses a
2   wheelchair for mobility.

3       2.   Defendant Kishor T. Patel, Trustee of the Patel Family Living Trust
4   dated November 18, 1996; Ila K. Patel, Trustee of the Patel Family Living
5   Trust dated November 18, 1996 own the Americas Best Value Inn San Jose
6   Convention Center located at 1415 Monterey Rd., San Jose, California
7   currently and at all times relevant to this complaint. Defendant Kamal
8   California Investment Corporation, a California Corporation, operates the
9   Hotel currently and at all times relevant to this complaint.

10      3.   Plaintiff does not know the true names of Defendants, their business
11  capacities, their ownership connection to the property and business, or their
12  relative responsibilities in causing the access violations herein complained of,
13  and alleges a joint venture and common enterprise by all such Defendants.
14  Plaintiff is informed and believes that each of the Defendants herein, is
15  responsible in some capacity for the events herein alleged, or is a necessary
16  party for obtaining appropriate relief. Plaintiff will seek leave to amend when
17  the true names, capacities, connections, and responsibilities of other
18  Defendants are ascertained.

19

20  **JURISDICTION:**

21      4.   The Court has subject matter jurisdiction over the action pursuant to 28
22  U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with
23  Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

24      5.   Pursuant to supplemental jurisdiction, an attendant and related cause
25  of action, arising from the same nucleus of operative facts and arising out of
26  the same transactions, is also brought under California's Unruh Civil Rights
27  Act, which act expressly incorporates the Americans with Disabilities Act.

28      6.   Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is

Complaint

1   founded on the fact that the real property which is the subject of this action is
2   located in this district and that Plaintiff's cause of action arose in this district.

3

4   **PRELIMINARY STATEMENT**

5       7.   This is a lawsuit challenging the reservation policies and practices of a
6   place of lodging. Plaintiff does not know if any physical or architectural
7   barriers exist at the hotel and, therefore, is not claiming that that the hotel has
8   violated any construction-related accessibility standard. Instead, this is about
9   the lack of information provided on the hotel's reservation website that would
10  permit plaintiff to determine if there are rooms that would work for him.

11      8.   After decades of research and findings, Congress found that there was
12  a "serious and pervasive social problem" in America: the "discriminatory
13  effects" of communication barriers to persons with disability. The data was
14  clear and embarrassing. Persons with disabilities were unable to "fully
15  participate in all aspects of society," occupying "an inferior status in our
16  society," often for no other reason than businesses, including hotels and
17  motels, failed to provide information to disabled travelers. Thus, Congress
18  decided "to invoke the sweep of congressional authority" and issue a "national
19  mandate for the elimination of discrimination against individuals with
20  disabilities," and to finally ensure that persons with disabilities have "equality
21  of opportunity, full participation, independent living" and self-sufficiency.

22      9.   As part of that effort, Congress passed detailed and comprehensive
23  regulations about the design of hotels and motels. But, as importantly,
24  Congress recognized that the physical accessibility of a hotel or motel means
25  little if the 61 million adults living in America with disabilities are unable to
26  determine which hotels/motels are accessible and to reserve them. Thus,
27  there is a legal mandate to provide a certain level of information to disabled
28  travelers.

10.  But despite the rules and regulations regarding reservation procedures, a 2019 industry article noted that: "the hospitality sector has largely overlooked the importance of promoting accessible features to travelers."

11. These issues are of paramount important. Persons with severe disabilities have modified their own residences to accommodate their unique needs and to ameliorate their physical limitations. But persons with disabilities are never more vulnerable than when leaving their own residences and having to travel and stay at unknown places of lodging. They must be able to ascertain whether those places work for them.

**FACTUAL ALLEGATIONS:**

12. Plaintiff planned on making a trip in March of 2021 to the San Jose, California, area.

13. He chose the Americas Best Value Inn San Jose Convention Center located at 1415 Monterey Rd., San Jose, California because this hotel was at a desirable price and location.

14. Plaintiff needs an accessible guestroom. He needs clearance around beds, he needs accessible restroom facilities including accessible sinks, accessible tubs or showers and accessible toilets. He needs sufficient maneuvering clearance in and around the guestroom. He needs accessories to be located within an accessible reach range. In short, he benefits from and needs compliant accessible guestroom features.

15. While sitting bodily in California, Plaintiff went to Americas Best Value Inn reservation website at https://www.redlion.com/americas-best-value-inn/ca/san-jose/americas-best-value-inn-san-jose-convention-center seeking to book an accessible room at the location on October 21, 2020.

16. Plaintiff found that there was little information about the accessibility of the rooms. For example, under the "1 Queen Bed Accessible Non-

Complaint

Smoking", "2 Queen Beds Accessible Non-Smoking" rooms description it merely states: "Accessible features include lowered beds, lowered lights/thermostat, insulated sink pipes, adjustable shower, widened door ways, and maneuverability areas in the room." These vague and conclusory statements offer little detail. For example, there is no specific information on whether the desk/table in the room is accessible, or if the sink and toilet are accessible, or if the room has accessible clear floor space.

17. The defendant's reservation system failed to identify and describe the accessible features in the guestroom chosen by the plaintiff in enough detail to reasonably permit him to assess independently whether the particular guestroom met his accessibility needs.

18. This lack of information created difficulty for the plaintiff and the idea of trying to book this room -- essentially ignorant about its accessibility -- caused discomfort for the Plaintiff.

19. Plaintiff would like to patronize this hotel but is deterred from doing so because of the lack of detailed information through the hotel's reservation system. Plaintiff not only travels frequently but is always on the lookout for businesses that violate the law and discriminate against him and other persons with disabilities, intending to have them comply with the law and pay statutory penalties.

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all Defendants.) (42 U.S.C. section 12101, et seq.)

20. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

21. Under the ADA, it is an act of discrimination to fail to make reasonable

5

Complaint

modifications in policies, practices, or procedures when such modifications are necessary to afford goods, services, facilities, privileges advantages or accommodations to person with disabilities unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the those goods, services, facilities, privileges advantages or accommodations. See 42 U.S.C. § 12182(B)(2)(A)(ii).

22. Specifically, with respect to reservations by places of lodging, a defendant must ensure that its reservation system, including reservations made by "any means," including by third parties, shall:

    a. Ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;

    b. Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs; and

    c. Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems.

*See* 28 C.F.R. § 36.302(e).

23. Here, the defendant failed to modify its reservation policies and procedures to ensure that it identified and described accessible features in the hotels and guest rooms in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs and failed to ensure that individuals with

Complaint

disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

24. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.  The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California.  Cal. Civ. Code §51(b).

25. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act.  Cal. Civ. Code, § 51(f).

26. Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, failing to comply with the ADA with respect to its reservation policies and practices.

27. Because the violation of the Unruh Civil Rights Act resulted in difficulty and discomfort for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. *See* Civ. Code § 52(a).

**PRAYER**:

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the

Complaint

1  plaintiff is not invoking section 55 of the California Civil Code and is not

2  seeking injunctive relief under the Disabled Persons Act at all.

3      2. Damages under the Unruh Civil Rights Act, which provides for actual

4  damages and a statutory minimum of $4,000 for each offense.

5      3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant

6  to 42 U.S.C. § 12205; and Cal. Civ. Code § 52(a).

7

8  Dated: December 14, 2020       CENTER FOR DISABILTY ACCESS

9

10

11

12  By:_____

13  Russell Handy, Esq.

14  Attorneys for Plaintiff

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint